MARY THOMAS *et al.*, Plaintiffs-Appellants, *v.* ROBERT LE BURKIAN, Defendant-Appellee.

(No. 56174;

First District (4th Division)—March 14, 1973.

Dowd, Dowd and Dowd, of Chicago, (Joseph V. Dowd and Philip J. McGuire, of counsel,) for appellants.

Royce Glenn Rowe, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

Plaintiffs, Mary Thomas and her daughter, Carol Thomas, brought this action to recover damages for injuries suffered when an automobile

driven by Mary Thomas collided with a car driven by defendant, Robert Le Burkian, at the intersection of Center Street and Ashland Avenue in Des Plaines. The jury returned a verdict in favor of the defendant, and the plaintiffs appeal from the judgment entered thereon.

On July 20, 1965, Mary Thomas and her daughter were driving south on Center Street. The defendant was driving west on Ashland. Westbound traffic on Ashland is controlled by a "yield" sign. The front end of defendant's car came in contact with the left-rear quarter panel of plaintiff's car.

The defendant, Robert Le Burkian, was called as a witness by the plaintiffs under Section 60 of the Civil Practice Act, ch. 110, Ill. Rev. Stat. 1971, par. 60. He was eighteen years old at the time of the collision and was driving his father's car with Jeffrey Elkins as a passenger. The defendant testified that the highest speed his automobile attained in the block before the accident was 25 m.p.h. He stated that he first applied his brakes when he was about 28 to 30 feet from the intersection. The second time he applied his brakes he stopped east of the center line of Center Street. He testified that at the time of the impact, his automobile was stopped.

The defendant further stated that he first saw the plaintiffs' car when he was about 28 to 30 feet from the intersection, and the Thomas' car was 500 to 600 feet from the intersection. It was daylight and the visibility was good.

Plaintiff, Mary Thomas, testified that on the evening in question, she had been to the train station to pick up her daughter. Both Ashland and Center are small, narrow, residential streets. Plaintiff stated that as she drove south on Center towards Ashland, her car was moving at a speed of about 15 to 20 m.p.h. She first saw the defendant's car when it was two to three car lengths away. At that time, her front wheels were two to four feet into Ashland. Plaintiff testified that she stepped on the gas to get out of the way and that the impact took place almost immediately.

Plaintiff Carol Thomas stated that she was a passenger in the automobile driven by her mother. She estimated that their car was traveling at about 20 m.p.h. as it proceeded south on Center. She stated that she first saw the defendant's car when it was about two car lengths away. Her mother's car was in the intersection. She said, "Mother," and her mother answered, "Yes, I know." Then defendant's car hit them. She testified that defendant's car was moving at the moment of impact. After the impact, the car in which she was riding hit a telephone pole and rolled over on its side.

Glenna Carroll, called as a witness on behalf of the plaintiffs, testified that she was standing on the southeast corner of the intersection of

Center and Ashland when she observed the collision. She stated that defendant's car was moving at the time of the impact.

Jeffrey Elkins, called as a witness on behalf of the plaintiffs, testified that he was a passenger in the defendant's car at the time of the collision. He stated at the time of impact, the car in which he was riding, was travelling at a speed of 10 to 15 m.p.h. On re-direct, he said that everything happened so fast that if the car had been stopped, he would not have known.

The defendant, Robert Le Burkian, was called as a witness on his own behalf. He testified that his view was unobstructed as he approached Center. He was travelling at about 25 m.p.h. He applied the brakes twice, the first time to slow the car down, and the second time, hard. The car did not skid or slide and there was no screeching of brakes. The defendant testified further that the second application of the brakes stopped the car before impact. On cross-examination, the defendant stated that he was travelling at about 15 m.p.h. when he first applied the brakes. The second time he hit the brakes he was travelling at about two to five miles per hour.

■■ On appeal, plaintiffs contend that the verdict and judgment were against the manifest weight of the evidence and that certain errors were made at trial which require reversal. We are mindful of the oft-stated rule that the Appellate Court will not substitute its judgment for that of the trier of fact unless the findings are clearly against the manifest weight of the evidence, and that it is not enough that the evidence might have supported some other conclusion.

■■ Upon appeal, however, we are required to review cases not only as to the law, but also as to the facts. It is our duty to review the evidence, and to reverse the judgment of the trial court whenever we find such judgment to be clearly against the manifest weight of the evidence. *Chapman v. Huttenlocher,* 125 Ill.App.2d 39, 47, 259 N.E.2d 836, 840. In *Chapman,* the court stated that manifest means "clearly evident, clear, plain, or undisputable."

■■ We have carefully reviewed the record and we have concluded that the verdict and judgment rendered are contrary to the manifest weight of the evidence.

■■ It is undisputed that there was a "yield" sign controlling defendant's entry into the intersection. The jury was properly instructed that a driver involved in a collision at an intersection after driving past a "yield" sign is *prima facie* deemed to have failed to yield the right of way. (See ch. 95½, Ill. Rev. Stat. 1971, par. 11—904(d).) Plaintiffs were thus entitled to the presumption that defendant failed to yield

the right of way until defendant produced evidence sufficient to contradict and overcome that presumption.

The defendant's own testimony was incredible. He stated that when he first appplied his brakes, he was about 28 to 30 feet from the intersection, and the plaintiffs' car was about 500 to 600 feet from the intersection. If this were true, it is inconceivable that the two automobiles would have collided if he had yielded the right of way.

The defendant further testified that his car was stopped at the time the cars collided. The overwhelming evidence in the record indicates the opposite. It was undisputed that the collision resulted in damage to the left-rear quarter panel of the Thomas automobile. Moreover, Glenna Carroll, a disinterested bystander, and Jeffrey Elkins, defendant's passenger, both supported the plaintiffs' testimony that defendant's car was moving at the moment of impact.

*Gary v. Rogers,* 104 Ill.App.2d 154, 243 N.E.2d 665, cited by the defendant, is distinguishable on the facts from the case at bar. In *Gary,* the court emphasized that there were no independent witnesses to the occurrence, and that the position of the two cars at impact was consistent with a finding of negligence by either party.

Plaintiffs also complain about prejudicial trial errors, but as this case must be retried, we do not think it necesssary to discuss them at this time.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ADESKO and DIERINGER, JJ., concur.