STEPHEN BLAKE, Plaintiff-Appellant, *v.* EDWARD W. PEGG, Defendant-Appellee—(EDWARD W. PEGG, JR., Plaintiff-Appellee, *v.* JERRY W. MOORE, Defendant-Appellant.)

(No. 73-193; ▮▮▮▮▮▮▮▮

Third District—March 22, 1974.

Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

Cassidy, Cassidy & Mueller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Stephen Blake, the owner of a car driven by Jerry W. Moore, filed suit against Edward W. Pegg III for damages done to his automobile. Edward W. Pegg, Jr., owner of the car driven by Edward W. Pegg III, filed suit against Jerry W. Moore for damages to his automobile, which resulted from the same accident. The suits were consolidated and tried without a jury, wherein the court found for Edward W. Pegg, Jr., in his claim against Jerry W. Moore and against Stephen Blake in his claim against Edward Pegg III.

A post-trial motion was filed by Blake seeking a new trial on the merits or in the alternative for modification of the judgment order, or in the alternative vacating of the judgment. This motion was denied and an appeal filed.

The evidence in the trial court adduced the following facts. On August 28, 1969, a collision occurred between the vehicles of Stephen Blake, driven by Jerry W. Moore, and a vehicle of Edward Pegg, Jr., driven by Edward Pegg III. This collision took place at a T intersection formed by east-west-running Giles Lane and north-south Patton Lane. Patton Lane forming the base of the T and ending on the north with its intersection into Giles Lane.

Evidence was adduced that Moore was proceeding in Giles Lane, a through street, and that Pegg was proceeding north on Patton Lane. It was further adduced that Pegg did not come to a complete stop but looked both ways, whereupon he drove onto Giles Lane and was struck by the Moore automobile.

Originally two issues were raised in this appeal, to-wit (1) whether the negligence of Jerry W. Moore is to be imputed to Stephen Blake and (2) whether the verdict is contrary to the manifest weight of the evidence. In examining the briefs filed by the parties it is now clear that they agree that a bailor-bailee relationship existed between Blake and Moore but that the negligence of the driver or bailee would not be imputed to the owner or bailor of the vehicle. We therefore are presented with the sole issue as to whether the finding of the trial court that Edward W. Pegg III was not negligent is contrary to the manifest weight of the evidence.

In this case it is undisputed that Moore was travelling on Giles Lane, a through street, and that Pegg approached Giles Lane at a speed of 2 to 5 miles per hour and then accelerated onto Giles Lane, and that the

collision occurred in the westbound traffic lane of Giles Lane after Moore left approximately 20 feet of skid marks.

Disputed facts are the speed of Moore prior to the accident and whether or not Pegg looked to his left, which would be the direction from which Moore was coming.

● ▇▇ The statute in force at that time was Ill. Rev. Stat. 1967, ch. 95½, sec. 165(c), which has been interpreted that a driver on a through street has the right-of-way over a driver entering thereon. In the instant case we are being asked to review the factual determinations upon which the verdict is based. A clear, guiding principle of law in Illinois is that if there is evidence to uphold a judgment, it should not be reversed. However, where the judgment is against the manifest weight of the evidence, it must be reversed. *Thomas v. Burkian*, 10 Ill.App.3d 742, 295 N.E.2d 313.

In the instant case there was disputed evidence as to the speed of the motor vehicle, there was disputed evidence as to whether or not Mr. Pegg had looked prior to pulling out, there was evidence that Mr. Pegg had looked prior to pulling out and could see for 200 feet and saw that no car was coming. There was further evidence that the Pegg vehicle slowed to approximately 2 to 5 miles per hour at the intersection and had to pull almost into the intersection to see past some shrubbery. There was also evidence that the Moore vehicle was travelling at a high rate of speed prior to impact and that impact took place in the opposite lane of traffic from which the Moore vehicle should have been travelling in.

▇▇ It appears that the determination of this case depends largely upon the facts found in the record. The findings and judgment of the trial court will not be disturbed by the reviewing court if there is any evidence in the record to support such findings. In this case the presiding judge heard the evidence and saw the witnesses, and he had an opportunity to observe the credibility of the witnesses and their demeanor in testifying. In a situation such as this courts have refused to dispute the findings of the lower court (*Brown v. Zimmerman*, 18 Ill.2d 94, 163 N.E. 2d 518; *Wynekoop v. Wynekoop*, 407 Ill. 219, 95 N.E.2d 457) and we at this time shall not decide factual questions upon which a verdict was based, on which the trial court had the opportunity to observe the demeanor of the witnesses who supplied the evidence.

Judgment affirmed.

DIXON and STOUDER, JJ., concur.