*In re* ESTATE OF LAWRENCE A. WALKER, Deceased.—(ETHEL D. WALKER *et al.,* Plaintiffs-Appellants, *v.* JENNIE A. HAMMER *et al.,* Defendants-Appellees.)

(No. 74-330; ▮▮▮▮▮▮▮▮)

Fifth District—March 20, 1975.

Frank Bonan, of Bonan & Bonan, of McLeansboro, for appellants.

Frank H. Walker, of Mount Vernon, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Hamilton County, Illinois rendered following a bench trial. Ethel D. Walker, surviving spouse, commenced a proceeding to set aside a deed made by the decedent, Lawrence A. Walker, to his children, Jennie A. Hammer and

Lloyd E. Walker, the defendants-appellees, 14 days before his marriage to the plaintiff. Plaintiff prayed that the deed be set aside because it was a fraud on her marital rights as a surviving spouse. The circuit court denied plaintiff's prayer and rendered a judgment for the defendants.

Lawrence A. Walker, decedent, and Ethel D. Walker, plaintiff, were married on December 22, 1958. Both parties had been previously married and each had children by prior marriages, the decedent, two sons and a daughter, and the plaintiff, a son and daughter. After the marriage, plaintiff moved into the residence of the decedent, a 60½-acre farm. Plaintiff resided on the premises and managed and cared for the home until the death of her husband which occurred 12½ years after the marriage. The decedent at death was 85 years old; the plaintiff was 83 years old.

On December 8, 1958, 14 days before this second marriage, the decedent, Lawrence A. Walker, made a deed conveying to the defendants, his children, Jennie A. Hammer and Lloyd E. Walker, the 60½-acre farm residence. This deed was not recorded until August 3, 1959, approximately 7½ months after the marriage. The record also shows that on December 16, 1958, the plaintiff recorded a deed conveying her interest she had in 80 acres of land left her by her first husband to her son, Leslie Moore.

The plaintiff brought this action to set aside decedent's conveyance on "the eve of marriage" as a fraud on her statutory marital rights under the laws of descent, dower, widow's award and homestead (Ill. Rev. Stat. 1971, ch. 3, pars. 11, 18, 178 and ch. 53, par. 1, respectively). As a basis for this action, plaintiff asserts her marital rights were terminated by decedent's fraudulent conveyance, *i.e.*, the deed was executed without her knowledge and consent.

■■ The sole issue presented for review is whether the trial court correctly found that the conveyance by the decedent 14 days before the marriage was not a fraud on the marital rights of the surviving spouse, the plaintiff, Ethel D. Walker. If there is knowledge or consent of the other party to the marriage, that party cannot later claim that such a conveyance was fraudulent. (*Daniher v. Daniher*, 201 Ill. 489, 494, 66 N.E. 239, 240 (1903).) In the instant case, testimony of several witnesses revealed that on or about the first or second week in November, 1958, Lloyd Walker and his wife, Jennie Hammer and her husband, the decedent and plaintiff had a conversation whereby it was understood that the decedent and plaintiff would deed their particular property to their own children. This testimony, in addition to plaintiff's own testimony regarding the deed she made to her son on December 16, 1958,

makes it apparent that such conveyance was pursuant to the November agreement made before the marriage. We, therefore, believe that the defendants-grantees have successfully met their burden of proof.

■■ We are of the opinion that the evidence sustains the finding of the trial court that the decedent's conveyance 14 days before his marriage to the plaintiff was done with the knowledge and consent of the plaintiff. The findings and judgment of the trial court will not be disturbed by the reviewing court if there is any evidence in the record to support such findings. *Blake v. Pegg*, 17 Ill.App.3d 975, 309 N.E.2d 43 (1974); *Brown v. Zimmerman*, 18 Ill.2d 94, 163 N.E.2d 518 (1960); *Wynekoop v. Wynekoop*, 407 Ill. 219, 95 N.E.2d 457 (1950).

We find no errors of law in this appeal, and after reviewing the authorities cited by both parties, we find that the judgment entered for the appellees was not against the manifest weight of the evidence. The judgment of the Circuit Court of Hamilton County is affirmed.

Judgment affirmed.

G. MORAN and KARNS, JJ., concur.