*In re* ESTATE OF ANTHONY J. TOMASO, SR.—(LUCILLE TOMASO, Petitioner-Appellant, *v.* ANTHONY J. TOMASO, JR., *et al.*, Respondents-Appellees.)

First District (3rd Division)  No. 79-1139

Opinion filed March 12, 1980.

Rabens, Formusa & Glassman, of Chicago (S. Joseph Formusa, of counsel), for appellant.

Charles V. Falkenberg, Jr., and Russell V. Guilford, both of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Petitioner, Lucille Tomaso, surviving spouse of Anthony J. Tomaso, Sr. (hereinafter decedent), filed a petition for citation against respondents, Anthony J. Tomaso, Jr., Josephine Priami, Angela Gassettri, and Pioneer National Bank & Trust Co., seeking her statutory share in property held in two land trusts. Petitioner appeals from an order of the trial court granting respondents' motion for summary judgment and dismissing

her petition with prejudice. (Pioneer has not filed an appearance or pleading in this court.)

The pleadings reveal the following pertinent facts. Petitioner and decedent were married on August 28, 1957, and lived together as husband and wife until his death on April 13, 1975. Decedent's heirs at law consisted of petitioner and respondents, his adult children from a former marriage. Following the entry of an order admitting decedent's will to probate, petitioner filed her renunciation and election to take her statutory share of decedent's property.

On August 5, 1957, 23 days prior to his marriage to petitioner, decedent entered into two land trust agreements. Decedent conveyed title to three parcels of real estate to Pioneer as trustee. The corpus of the trusts consisted of the marital home of petitioner and decedent, an apartment building, and an unimproved residential lot. Pursuant to the trust agreements, upon decedent's death, respondent Tomaso, Jr., would acquire the beneficial interest in the marital home trust and respondents Priami and Gassettri would receive the beneficial interest in the trust containing the remaining parcels. Both trust documents contained a provision which read: "ENTIRE INTEREST of ANTHONY TOMASO. Upon the death of ANTHONY TOMASO, and if the beneficial interest in this trust has not theretofore been assigned, or trust amended, or the property contained herein has not been deeded out of trust, then the entire beneficial interest in this trust shall pass to and be vested in his [respondents] * * *." Petitioner's signature appeared on each trust instrument below the typed statement, "I hereby consent to the provisions of the above Trust Agreement."

On March 25, 1976, petitioner filed the present petition for citation alleging that decedent made these conveyances on the eve of their marriage, without consideration, for the purpose and with intent to defraud petitioner of her marital rights in the property. Petitioner stated that her signature on the trust instruments purporting to indicate her consent was obtained without consideration and under "false pretenses and misrepresentations * * * as to the content and legal effect of the documents." The petition also recited that the instruments were naked land trusts under which decedent retained the exclusive right and power of control, management, and disposition of the property; and that the trusts were illusory, testamentary devices employed to deprive her of any interest in the property. Petitioner stated that as a result of having created these trusts, decedent left assets insufficient to pay his debts and other obligations. Based on these assertions, petitioner maintained that the trusts were invalid and voidable with regard to her statutory rights in the property. Petitioner asked for her statutory share in the real estate or beneficial interest in the land trusts, as well as any proceeds, rent, or

profits derived from the property. She sought a widow's award and reimbursement for sums advanced in payment of funeral costs, medical expenses and decedent's other debts, including the costs of administration.

Respondents filed an answer denying that petitioner's signature was obtained through false representations and without consideration. The answer also recited that decedent, respondents, and representatives of Pioneer thoroughly explained the trust agreements to petitioner. In addition, respondents denied the trusts were illusory, testamentary devices designed to deprive petitioner of her marital rights in the property.

On April 18, 1979, respondents filed a motion which was captioned a "motion for summary judgment," but which was called a "motion to dismiss" in the accompanying affidavit of counsel. That affidavit of counsel was limited to a statement that the motion was well founded in law and not interposed for the purpose of delay.

After considering the pleadings and hearing arguments of counsel, the trial court granted summary judgment in favor of respondents with regard to petitioner's claim for her statutory share in the land trusts. Accordingly, the court dismissed the petition for citation with prejudice. (The court, however, retained jurisdiction for a determination of the amounts, if any, to which petitioner might be entitled as reimbursement for sums advanced in payment of decedent's expenses.)

■■ Summary judgment may be entered if no genuine issue as to any material fact exists and if the moving party is entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1977, ch. 110, par. 57(3).) While summary judgment is to be encouraged, it is a remedy to be awarded with caution in view of its drastic nature. (*Rivan Die Mold Corp. v. Stewart Warner Corp.* (1975), 26 Ill. App. 3d 637, 325 N.E.2d 357.) In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the movant and most liberally in favor of the opponent. (*Martin v. American Legion Post #784* (1978), 66 Ill. App. 3d 116, 383 N.E.2d 672.) Summary judgment should be granted only when the party's right to it is clear and free from doubt. *Kitsos v. Terry's Chrysler-Plymouth, Inc.* (1979), 70 Ill. App. 3d 728, 388 N.E.2d 1054.

■ A voluntary conveyance by either party to a marriage contract of his or her real estate, without knowledge or consent of the other, on the eve, or in contemplation, of marriage, is *prima facie* a fraud upon the other's marital rights, and the burden is upon the grantee to establish its validity. (*Lill v. Lill* (1960), 18 Ill. 2d 393, 164 N.E.2d 12; *Michna v. May* (1967), 80 Ill. App. 2d 281, 225 N.E.2d 391.) Such a conveyance would not be deemed fraudulent, however, if the grantor's intent was to provide for his

children and not to defraud his spouse, and the advancement was reasonable when considered with reference to the grantor's property. (*Lill v. Lill.*) And where there is knowledge or consent of the other party to the marriage, that party cannot later claim the conveyance was fraudulent. *In re Estate of Walker* (1975), 27 Ill. App. 3d 260, 327 N.E.2d 30.

An examination of the motion for summary judgment reveals that respondents did not resolve the material factual question raised in the pleadings as to whether decedent made these conveyances with petitioner's knowledge or consent. In her petition for citation, petitioner alleged that her signature was procured through misrepresentations concerning the content and legal effect of the documents. In their answer, respondents denied that petitioner's consent was induced by misrepresentation and stated that the instruments were explained to petitioner by decedent, respondents, and representatives of Pioneer. In their motion for summary judgment, respondents referred to a deposition in which petitioner allegedly admitted knowing decedent intended to give the trust corpus to his three children. The motion, however, was not sworn, and no portion of the deposition was made part of the record. Respondents asserted that petitioner consented to the conveyance by signing each instrument, but failed to submit any affidavits, depositions or other documents setting forth any evidentiary facts concerning petitioner's knowledge of or consent to the transaction.

Additionally, respondents have caused some confusion by referring to their motion as one for summary judgment as well as one to dismiss. The primary emphasis of the motion for summary judgment was that the trusts established by decedent prior to his marriage were not illusory or colorable, but rather were valid intervivos trusts created with present donative intent. In effect, the motion, although requesting summary judgment, appeared principally to contest the sufficiency of the petition for citation.

Viewing the pleadings and affidavits most strictly against movants, respondents' right to summary judgment was not clear and free from doubt. Since a genuine issue of material fact existed concerning petitioner's knowledge of or consent to the conveyances, the trial court erred in granting summary judgment. Accordingly, the cause is remanded for a consideration of that disputed factual issue.

The order of the circuit court of Cook County granting summary judgment in favor of respondents is reversed and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, P. J., and SIMON, J., concur.