STRINGER CONSTRUCTION COMPANY, Plaintiff, v. LA GRANGE STATE BANK *et al.*, Defendants (La Grange State Bank, Third-Party Plaintiff-Appellant, v. Philip R. Stringer *et al.*, Third-Party Defendants; Allan Levine *et al.*, Third-Party Defendants-Appellees).

First District (3rd Division)   No. 82—1885

Opinion filed December 28, 1984.—Rehearing denied November 14, 1986.

Burke & Burke, Ltd., of Chicago (John M. Burke and Dennis J. Burke, of counsel), for appellant.

Allan G. Levine, of Chicago, for appellee Allan G. Levine, *pro se.*

Gilbert, Shapiro & Richman, of Chicago (Howard E. Gilbert and Michael D. Richman, of counsel), for appellee Leon Parent, Jr.

JUSTICE McGILLICUDDY delivered the opinion of the court:

La Grange State Bank (La Grange) brought a third-party complaint in the circuit court of Cook County against Leo Parent, Jr.

(Parent), Allan Levine (Levine), Philip R. Stringer (Stringer) and Linda L. Stringer for payment on a promissory note executed in connection with a letter of credit security agreement. The third-party defendants had executed the promissory note, an application for letter of credit, an individual guaranty and a security agreement in order to secure credit for Stringer Construction Company (Stringer Construction). The trial court denied La Grange's motion for summary judgment against Parent and Levine and granted Parent's and Levine's cross-motions for summary judgment against La Grange. La Grange appeals. The issue presented for review is whether the trial court erred in entering summary judgment in favor of Parent and Levine.

On August 3, 1977, Stringer Construction applied to La Grange for a $150,000 irrevocable letter of credit to be issued to American Insurance Company (American). The letter of credit was required by American as a prerequisite to the award of a construction contract to Stringer Construction. The application provided: "[S]aid Irrevocable Letter of Credit is drawn under and subject to all the terms of said Commercial Letter of Credit and Security Agreement." The application was signed by Stringer Construction's attorney, Levine, its president, Philip Stringer, and Leon Parent.[1]

Parent, Levine and Stringer signed three additional documents on August 3, 1977. They executed a promissory note in the amount of $150,000 payable on demand to La Grange. They pledged an individual guaranty. Linda L. Stringer also signed the promissory note and individual guaranty. Finally, they executed a security agreement setting forth the terms and conditions of the letter of credit. The security agreement was a standard form agreement provided by La Grange. It stated, in pertinent part, as follows:

> "16. A change in the original time limit or in any other terms originally specified in the Credit may, at your [La Grange's] sole option, upon the application of any one of us [Levine, Parent or Stringer], be granted by you or any of your correspondents, whereupon all terms hereof shall continue in full force and effect in accordance with such change without releasing any party to the Credit or hereto or any party upon acceptance made hereunder.
>
> * * *
>
> 19. We represent that this agreement is without limitation

---

[1]Despite some dispute in the trial court as to whether Parent signed the application, security agreement and promissory note, for purposes of his cross-motion for summary judgment, Parent assumed that he executed the documents.

as to duration or amount and you may continue to act on the faith thereof until such time as you shall receive written notice of its withdrawal, which notice or any refusal on your part to grant further credits, extensions or indulgences of any kind, will not in anywise affect any Credits theretofore made or obligations or liabilities theretofore incurred, whether then due and payable or thereafter to become due and payable."

La Grange issued the letter of credit on August 3, 1977. The typewritten letter, entitled "Irrevocable Letter of Credit #688," was sent to American by Kenneth A. Armour, vice-president of La Grange. Its expiration date was August 3, 1978. The letter authorized American to draw on La Grange up to $150,000 upon presentation of a draft and a signed statement that the amount was required to cover liability, loss, cost or expense caused by Stringer's breach of a certain contract dated August 2, 1977, between Stringer Construction and American. It further authorized American to request an extension of the expiration date for "an additional period of up to one (1) year." Finally, the letter stated that the credit would be subject to the Uniform Customs and Practice for Documentary Credits, International Chamber of Commerce Publication Number 290 (1974).

The letter of credit was extended from August 3, 1978, to August 3, 1979, at Stringer Construction's request. On June 20, 1979, La Grange informed Stringer that the National Surety Corporation had requested an additional one-year extension of the letter of credit to August 3, 1980. Stringer responded with a request that La Grange extend the letter of credit for one year. La Grange agreed to do so on June 30, 1979, extending the letter of credit from August 3, 1979, to August 3, 1980.

On April 11, 1980, American demanded payment from La Grange by presenting a letter, affidavit and sight draft in the amount of $150,000. Levine directed La Grange not to honor the sight draft. On April 17, 1980, Stringer brought an action in the circuit court of Cook County to enjoin La Grange from paying out on the letter of credit to American. The trial court issued a preliminary injunction enjoining such action on the part of La Grange. In the interlocutory appeal which followed, this court reversed the trial court's order. See *Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 430 N.E.2d 1.

La Grange sent letters to the Stringers and Levine on April 17, 1980, demanding payment on the promissory note as well as immediate conveyance of collateral to secure payment. The Stringers and Levine refused the demand.

On July 24, 1980, La Grange filed this third-party action against the Stringers and Levine. The complaint sought payment of $150,000 or, in the alternative, conveyance of collateral sufficient to protect La Grange, and damages, attorney fees and costs.

On March 5, 1981, La Grange demanded payment on the promissory note from Parent. On May 6, 1981, La Grange filed an amended third-party complaint which joined Parent as a third-party defendant and alleged that he had applied for the letter of credit, signed the security agreement, signed an individual guaranty, and refused demands for payment and collateral.

On July 9, 1981, La Grange filed a motion for summary judgment against the Stringers and Levine. On November 25, 1981, La Grange filed a motion for summary judgment against Parent which incorporated the prior motion for summary judgment against the Stringers and Levine.

On February 8, 1982, Parent filed a cross-motion for summary judgment against La Grange. Assuming, *arguendo*, that he had signed the letter of credit, Parent alleged that he was not liable because La Grange extended the letter of credit without his consent and because the extension modified an irrevocable letter of credit.

On February 16, 1982, Levine filed a cross-motion for summary judgment against La Grange, asserting that since his signature was to be made only upon obtaining Parent's signature, and since Parent denied having signed the document, Levine was not liable. Levine added that any extension of the letter of credit did not apply to him.

On May 13, 1982, the trial court granted La Grange's motion for summary judgment against the Stringers. On May 17, 1982, the trial court granted the cross-motions for summary judgment of Levine and Parent against La Grange, and denied La Grange's motion for summary judgment against Levine and Parent. On June 30, 1982, the trial court denied La Grange's subsequent motion to reconsider and vacate the order granting summary judgment to Levine and Parent. La Grange appeals from that portion of the order which granted the cross-motions of Levine and Parent for summary judgment against La Grange.

La Grange contends that the trial court erroneously granted summary judgment in favor of Levine and Parent because a genuine issue as to material fact existed regarding the parties' intent as to the duration of the letter of credit. Summary judgment shall be rendered if the pleadings, depositions and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c).) While summary judgment is to be encouraged, it is a remedy to be awarded with caution in view of its drastic nature, and it should be granted only when the party's right to it is clear and free from doubt. *In re Estate of Tomaso* (1980), 82 Ill. App. 3d 286, 402 N.E.2d 702.

A "guaranty" or "stand-by" letter of credit arrangement usually requires three separate and distinct contracts or agreements: the contract between the bank and its customer whereby the bank agrees to issue the letter of credit to the beneficiary, the underlying contract between the bank customer and the beneficiary, and the letter of credit itself. (*Stringer Construction Co. v. American Insurance Co.* (1981), 102 Ill. App. 3d 919, 430 N.E.2d 1; *Dynamics Corp. of America v. Citizens & Southern National Bank* (N.D. Ga. 1973), 356 F. Supp. 991.) The instant appeal focuses on the contract between La Grange and its customers, Levine and Parent, whereby La Grange agreed to issue the letter of credit to American. The document, a security agreement which set forth the terms and conditions of the letter of credit, represented the only contract between La Grange and Levine and Parent which addressed the question of the duration of the letter of credit. It advised that La Grange had the option to grant an extension of time at the request of Stringer, Levine or Parent; that such extension of time would not release any of the parties from his rights and obligations thereunder; and that the security agreement was without limitation as to duration.

Accordingly, La Grange granted Stringer Construction's first request to extend the letter of credit from August 3, 1978, to August 3, 1979. La Grange also granted the second request, by Philip Stringer, to extend the letter from August 3, 1979, to August 3, 1980. Pursuant to the security agreement, all terms thereof continued in full force and effect, and all parties remained bound thereby.

█ Parent contends that La Grange's failure to seek and obtain his consent prior to granting the request for the extension to August 3, 1980, released him from any liability under the security agreement. This argument is based on section 5—106(2) of the Uniform Commercial Code—Letters of Credit (Ill. Rev. Stat. 1981, ch. 26, par. 5—106(2)), which provides as follows:

> "*Unless otherwise agreed* once an irrevocable credit is established as regards the customer it can be modified or revoked only with the consent of the customer and once it is established as regards the beneficiary it can be modified or revoked only with his consent." (Emphasis added.)

Parent's reliance on this statute is misplaced, as he "otherwise

agreed" in the security agreement to remain bound to the contract regardless of extensions of time without his consent.

Parent also looks for support to article 3(c) of the Uniform Customs and Practice for Documentary Credits, which was expressly incorporated into the letter of credit. Article 3(a) states that an irrevocable credit constitutes a definite undertaking of the issuing bank; article 3(b) adds that conformation of one bank's irrevocable credit by another bank constitutes a definite undertaking of the latter bank; and article 3(c) specifies that "[s]uch undertakings can neither be amended nor cancelled without the agreement of all parties thereto." Since article 3(c) does not address any issue pertinent to Parent's situation, his reliance thereon is without benefit to him.

The trial court based its ruling on a conflict between the extension of time provisions in the security agreement and in the letter of credit. The letter of credit was a contract between La Grange and American. It authorized American to request an extension of its expiration date for "an additional period of up to one (1) year." We agree with the trial court's observation that this provision clearly evinces an understanding that the letter of credit would not be extended beyond one year. However, that understanding and agreement was between La Grange and American. We fail to see its relevance to a separate and distinct contract between La Grange and the Stringers, Levine and Parent, especially in view of the fact that their contract specifically addressed the question we are seeking to resolve: whether Levine and Parent were released from liability thereunder upon La Grange's extension of the letter of credit without their consent.

■ The meaning of written agreements must be determined from the words used by the parties. (*Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604; *Bates v. Select Lake City Theater Operating Co.* (1979), 78 Ill. App. 3d 153, 397 N.E.2d 75.) The words used in the agreement between Levine, Parent and La Grange plainly recite that Levine and Parent are to remain bound if La Grange exercises its option to grant requests for extension of time from any one of the customers. Under these circumstances, La Grange's failure to procure Levine's or Parent's consent to the extensions did not release them from liability under the security agreement. As there is no genuine issue of material fact in this regard, if Parent and Levine were in fact parties to the security agreement, La Grange is entitled to judgment as a matter of law. Therefore, we reverse the order of the trial court and remand for a resolution of the issues regarding Parent's signature and the effect of Levine's signature.

For the foregoing reasons the order of the circuit court of Cook County is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

RIZZI, P.J., and WHITE, J., concur.