WILLIAM F. AND VERA P. REED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reed v. Commissioner
Docket No. 10220-78.
United States Tax Court
T.C. Memo 1979-446; 1979 Tax Ct. Memo LEXIS 78; 39 T.C.M. (CCH) 455; T.C.M. (RIA) 79446; November 8, 1979, Filed; As Amended November 16, 1979 John K. Ross, for the petitioners. Kevin M. Bagley, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special *79 Trial Judge Marvin F. Peterson, for hearing and disposition of respondent's motion for summary judgment pursuant to the provisions of section 7456(c) of the Code.[1] The Court agrees with and adopts his opinion which is set forth below. OPINION OF SPECIAL TRIAL JUDGE PETERSON, Special Trial Judge: This case is before the Court on respondent's motion for summary judgment which was heard at the Trial Session at San Diego, California on October 9, 1979. There was no appearance by or on behalf of petitioner. Respondent appeared by his counsel and argued in support of his motion. Respondent determined a deficiency in petitioners' 1976 Federal income tax in the amount of $552.61. The only issue before the Court is whether William F. Reed (hereinafter petitioner) incurred a liability for self-employment tax on the net income earned from his sole proprietorship under section 1401. The record shows that petitioners resided in Danville, California at the time their petition was filed, and that their Form 1040 for the calendar year 1976 was filed with the Office of *80 the Internal Revenue Service in Fresno, California. For the year 1976, petitioner reported $6,995 of net profit on Schedule C, Profit or (Loss) From Business or Profession, from his profession as an Optometrist. On Schedule SE, Computation of Social Security Self-Employment Tax, petitioner reported the net profit shown on Schedule C, however, he did not calculate the self-employment tax and in lieu thereof reported "See Form 4029." As a result petitioners did not include the self-employment tax as a part of their Federal income tax liability. Petitioners contend in their petition that the refusal by the Internal Revenue Service to accept Form 4029 as it relates to petitioner's self-employment income is unconstitutional. Respondent's motion for summary judgment is supported by matters set forth in respondent's request for admissions which are deemed admitted under Tax Court Rule 90(c) since petitioners failed to serve upon respondent any written answer or objection as required by the rule. Petitioners have not filed a written response opposing respondent's motion for summary judgment. Tax Court Rule 121 is available to the parties whenever there is no genuine issue of a material *81 fact. Tax Court Rule 121(c) specifically provides that the adverse party must respond to the motion for summary judgment by setting forth specific facts showing there is a genuine issue for trial. Based on the facts deemed admitted and conclusively established under Tax Court Rules 90(c) and (e), there is no genuine issue as to a material fact. Accordingly, the case is properly before the Court for a decision on the merits. During 1976 petitioner was a self-employed optometrist and earned $6,995 from his profession. Neither petitioner is a Christian Science practitioner. Also, neither petitioner was a member of a recognized religious sect or division thereof adhering to established tenets or teachings of such sect or division of conscientious opposition to acceptance of the benefits of any private or public insurance which make payments in the event of death, disability, old-age, or retirement or makes toward the cost of, or provides services for, medical care. There is no dispute between the parties as it relates to the amount of self-employment income earned from petitioner's profession. The dispute centers on petitioner's contention that the self-employment tax is unconstitutional *82 under the Fourteenth Amendment to the United States Constitution in that section 1402(e) grants an exemption from the self-employment tax to a selected group of individuals. Also, petitioner asserts that the self-employment tax violates the First Amendment to the United States Constitution in that petitioner is "conscientiously opposed to being required to participate in the government's social security program without our freedom of choice." In addition petitioner is opposed to being required to state any religious or non-religious affiliation to qualify for the exemption under section 1402(h) [2] for individuals of certain religious faiths. Petitioner's contention that the self-employment tax infringes on the First Amendment to the Constitution is without merit. Contrary to petitioner's contention is the United States Supreme Court case of Helvering v. Davis,301 U.S. 619 (1937), which specifically holds that the tax imposed for social security purposes is constitutional. Also, this Court has specifically held that the self-employment *83 tax did not constitute an unlawful encroachment upon the free exercise of the taxpayer's religion. Henson v. Commissioner,66 T.C. 835, 838 (1976). Petitioner also contends that the self-employment tax is unconstitutional under the equal protection clause of the Fourteenth Amendment of the Constitution on the ground that certain groups may be exempt while others may not be exempt. Again, petitioner's assertion must fall since the United States Supreme Court in United States v. Maryland Savings-Share Insurance Corp.,400 U.S. 4 (1970), held that where a reasonable basis exists for different treatment between individuals, the statute is constitutional. In Hensonv. Commissioner, supra at 840, this Court found that the different classifications for exemption have a rational basis and did not arbitrarily deprive the petitioner's right to due process of law. Based on the record in this case, respondent has clearly established that as a matter of law he is entitled t prevail. Accordingly, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Section 1402(h) was redesignated 1402(g), Tax Reform Act of 1976 for taxable years beginning after December 31, 1976.↩