J. H. SCHROEDER AND MARLYS E. SCHROEDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schroeder v. Commissioner
Docket No. 2431-89
United States Tax Court
T.C. Memo 1990-388; 1990 Tax Ct. Memo LEXIS 406; 60 T.C.M. (CCH) 264; T.C.M. (RIA) 90388; July 25, 1990, Filed J. H. Schroeder, pro se. Robert A. Varra, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION This case was heard before this Court in Denver, Colorado, on February 21, 1990. At trial, respondent's counsel orally moved to dismiss the case due to petitioners' failure to properly prosecute, failure to comply with the Tax Court Rules of Practice and Procedure, and failure to comply with Orders of the Court. This motion was granted by Order dated February 21, 1990. At trial, respondent also orally moved for imposition of penalties against petitioners pursuant to I.R.C. section 6673 *407 . On February 21, 1990, this Court directed respondent to reduce the motion for penalties to writing on or before March 23, 1990, and petitioners to respond to respondent's motion by April 23, 1990. Pursuant to the Court's Order of February 21, 1990, respondent filed a written motion for penalties, and petitioner responded to that motion. Respondent's motion is the subject of this opinion. J. H. Schroeder and Marlys E. Schroeder are the petitioners in this case. Petitioner in the singular will refer to J. H. Schroeder. Petitioners were residents of Englewood, Colorado, when the petition in this case was filed. Petitioners are not strangers to the Tax Court. See Schroeder v. Commissioner, T.C. Memo. 1986-467 (Schroeder I); Schroeder v. Commissioner, T.C. Memo. 1986-583 (Schroeder II); Schroeder v. Commissioner, T.C. Memo. 1989-110 (Schroeder III); and Schroeder v. Commissioner, docket No. 23770-88 (Schroeder IV). In all four of the previous cases, petitioner chose to represent himself and his wife. [1] *408 Petitioners are well aware of the rules of this Court and are expected to follow them. [2]
As outlined below, it is clear petitioners were purposefully uncooperative in the case at bar. We find petitioners engaged in tactics meant to delay and frustrate respondent's determination of tax liability. [3] We further find the arguments advanced by petitioners were frivolous and groundless. Respondent contacted petitioners by letter on September 22, 1989, scheduling a conference and informally requesting certain *409 documents. Petitioners did not attend the conference or produce the requested documents. Instead, petitioners sent a letter to respondent indicating Monday mornings were the most convenient for petitioners to meet with respondent. Respondent rescheduled the meeting for Monday, October 30, 1989. Petitioners, by letter on October 27, 1989, informed respondent they would not attend the scheduled meeting. In the same letter, petitioners suggested a meeting on November 6, 1989. Respondent agreed to meet on November 6, 1989, and indicated to petitioners, because of the delay caused by prior postponements of the meeting, respondent was preparing formal discovery. Petitioners and respondent met as scheduled on November 6, 1989. Petitioners failed to produce most of the documents respondent previously requested. On November 15, 1989, respondent served petitioners a Request for Production of Document and a Request for Admissions. After several extensions were agreed to by respondent, due to petitioner's ill health, [4] petitioners finally produced a few of the documents sought by respondent's request for production. *410 This Court ordered petitioners to produce the remaining documents by January 22, 1990. Petitioners produced four more documents pursuant to that Order. Four days prior to trial, petitioners produced additional documents. Petitioners have still failed to produce several of the documents requested by respondent. This is in direct contravention to this Court's Order of January 10, 1990. Petitioners have also failed to respond in good faith to respondent's request for admissions. Among other failures, they have refused to admit the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust were previously held by this Court to be invalid for Federal income tax purposes. [5] On January 16, 1990, this Court ordered petitioners to file an amended response to respondent's request for admissions. Petitioners' amended response was evasive and frivolous. *411 As a further indication of petitioners' delay tactics, we point out, contrary to this Court's standing pretrial order, petitioners failed to timely submit a trial memorandum to the Court. Petitioners submitted a trial memo to respondent four days prior to trial. Substantively, the position taken by petitioners is untenable and maintained solely for delay. Petitioners maintain the income from the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust is not taxable income to petitioners but income to the trusts. This Court previously held income from the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust was taxable income of petitioners. [6] Petitioners have shown no new facts which would cause the Court to amend its prior findings. Petitioners raised typical tax protestor arguments concerning the constitutionality of income taxes, challenged the constitutionality of the Tax Court, and demanded a jury trial. Section 6673 allows the Tax Court *412 to require a taxpayer to pay a penalty to the United States not in excess of $ 25,000 whenever it appears the taxpayer instituted or maintained a proceeding in this Court primarily for delay, that the taxpayer's position is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies. In the case at bar it is clear the requirements of section 6673 have been met. Before the petition was filed, petitioners knew their position was groundless and frivolous. During the entire course of these proceedings, petitioners remained uncooperative, engaged in tactics designed to delay, and frustrated respondent's attempts to resolve this case. This continues a pattern of conduct set by petitioners in Schroeder I, II, III, and IV and adhered to uninterrupted through the conclusion of this case. As early as 1926, [7] Congress granted the Tax Court (or the Board of Tax Appeals) discretionary powers to award damages (now called a penalty) against taxpayers for frivolous actions In 1982, Congress increased the amount of damages the Court could award from $ 500 to $ 5,000. Tax Equity and Fiscal Responsibility Act of 1982, 96 Stat. 324, 574, Pub. L. *413 97-248, sec. 292(b). This amount was increased again in 1989 from $ 5,000 to $ 25,000. Omnibus Budget Reconciliation Act of 1989, 103 Stat. 2106, 2400, Pub. L. 101-247, sec. 7731(a). From 1933, when the Court first exercised its authority in this area, Coombs v. Commissioner, 28 B.T.A. 1216 (1933), until 1979, the Court used its authority under section 6673 with the utmost restraint. [8] In Wilkinson v. Commissioner, 71 T.C. 633, 641 (1979), this Court discussed in detail the reasons the Court increased its reliance on section 6673 to dissuade taxpayers from filing frivolous suits in this Court. See also Hatfield v. Commissioner, 68 T.C. 895, 899-900 (1977). *414 Petitioners are not caught unaware by application of section 6673 in this case. In addition to the warnings given to the general public, petitioners received personal warnings concerning the application of section 6673. In Schroeder III, supra56 T.C.M. at 1494, 58 P-H Memo T.C. par. 89-110, at 15, respondent requested this Court apply section 6673 to petitioners. While this Court in that case declined to grant respondent's motion for reasons not present in the instant case, petitioners were alerted to the section and the circumstances under which it would be applicable. Additionally, this Court has previously indicated to petitioners it will not entertain positions which are without merit. [9] It is obvious to this Court petitioners have not yet comprehended the message clearly sent to them by this Court in Schroeder I-IV. *415 This Court will do everything within its discretion to prevent this kind of frivolous action from wasting scarce judicial resources and delaying the resolution of legitimate disputes. [10] While the Court will always hear and decide legitimate disputes, we do not have the time or inclination to waste on this type of sophistry. Accordingly, we require petitioner to pay to the United States a penalty of $ 8,000 pursuant to section 6673. An appropriate Order will be issued. Footnotes
1. Schroeder IV did not involve Marlys E. Schroeder.↩
2. In Schroeder v. Commissioner, T.C. Memo. 1989-110, petitioners raised several arguments based on procedural grounds showing an intimate knowledge of the Tax Court Rules and Practice and Procedure. Schroeder III, 56 T.C.M. 1480↩, at 1485, 58 P-H Memo T.C. par. 89,110 at 530 (1989).
3. The Court in Schroeder I, supra, and Schroeder III, supra↩, discuss in detail petitioners' delay tactics. Petitioners employed the same tactics in the case at bar.
4. In Schroeder III, supra↩, taxpayers failed to attend scheduled meetings, also citing ill health.
5. In Schroeder I taxpayers originally conceded the issue whether certain income was improperly attributable to the trust. After conclusion of the trial, taxpayers refused to execute a concession of this issue. In a separate Order, this Court held that the J. H. Schroeder Family Trust and the Loup Valley Cookware Trust were not effective for Federal income tax purposes. In Schroeder II the taxpayers stipulated the income for the cookware trust was attributable to them. Schroeder v. Commissioner, 52 T.C.M. 1163 at 1167, 55 P-H Memo T.C. par. 86,583 at 2721 (1986). In Schroeder III the taxpayers stipulated "these entities should not be respected for Federal income tax purposes and that all income and expenses of the business purportedly conducted through the * * * trusts are properly attributed to Mr. Schroeder." Schroeder v. Commissioner, 56 T.C.M. at 1483, 58 P-H Memo T.C. par. 89,110 at 528 (1989). In First National Bank In Ord. v. Schroeder, 222 Neb. 330, 383 N.W.2d 755↩ (1986), these same trusts were held invalid under Nebraska state law.
6. See note 4 and accompanying text.↩
7. Section 6673↩ has its origins in section 911 of the Revenue Act of 1926, 44 Stat 9, 112, Pub. L. 20, section 911.
8. M. Garbis, P. Junghans and S. Struntz, Federal Tax Litigation, pp. 12-40, (1985).↩
9. See Schroeder I, 52 T.C.M. at 620 n.2, 621, and 623, P86,467 P-H Memo T.C. at 2150 n.2, 2151, and 2153; Schroeder II, 52 T.C.M. at 1166, P86,583 P-H Memo T.C. at 2720; and Schroeder III, 56 T.C.M. at 1483 n.3, 1485 n.4, 1493, and 1494 n.24↩; 58 P-H Memo T.C. par. 89,110 at 528 n.3, 530 n.4, 539, and 540 n.24.
10. See Committee Reports on H.R. 3299 (Pub. L. 100-647).↩