(No. 31533.—)

ALICE L. WYNEKOOP, Appellant, *vs.* MARCIA V. WYNE-
KOOP *et al.*, Appellees.

*Opinion filed November 27, 1950.*

KATHERINE NOHELTY, and GEORGE A. NOVAK, both of Chicago, for appellant.

JAMES A. SPROWL, and CHARLES J. O'LAUGHLIN, (POPPENHUSEN, JOHNSTON, THOMPSON & RAYMOND, of counsel,) all of Chicago, for appellees.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

The appellant, Alice L. Wynekoop, filed suit in the Cook County circuit court against the widow and children of her deceased son, Walker W. Wynekoop, the administratrix of his estate, and also against two of her living children. The suit asks the court to appoint a successor trustee of the premises therein described and to order that the trustee convey the premises to appellant and for an accounting of the rents and profits of the premises. A cross complaint was filed praying that a certain affidavit filed for record by appellant, stating that she had an interest in the premises, be declared null and void and of no effect and removed as a cloud upon the title. No question is raised on the pleadings. After a full hearing, the circuit court on January 24, 1950, dismissed appellant's complaint for want of equity, removed as a cloud upon the title the said affidavit of appellant, and declared title in the widow and children of Walker W. Wynekoop, deceased. A freehold being involved, the case is here for decision.

Frank E. Wynekoop was the husband of appellant at the time of his death January 2, 1929. He then owned the real estate in question, which was improved with a two-story brick basement building containing two stores and five apartments. He died intestate leaving his widow, the appellant, Frances Catherine Wynekoop, his daughter,

J. Earle Wynekoop and Walter W. Wynekoop, his sons, as his heirs. Within a few hours after his death and before the body had been removed from the bed on which it lay, pursuant to a request of their mother, the children of the deceased, with the spouse of Walker, conveyed to her by warranty deed their interest in the real estate here in question. She denies, however, that she asked any of them to sign the deed.

For about five years after she acquired title appellant handled the premises, collected the rents therefrom and made various leases to portions thereof. During this time she borrowed approximately $20,000, securing the loan by mortgage on the premises and suffered taxes to accrue upon the premises in the approximate sum of $5000. The appellant was indicted November 6, 1933, for the crime of murder and her first trial resulted in a mistrial January 22, 1934. She was held in the Cook County jail hospital until the second trial which resulted in her conviction of murder on March 19, 1934, for which she was sentenced to confinement in the State institution at Dwight, for a term of twenty-five years.

January 24, 1934, while in the hospital of the Cook County jail, the appellant executed and delivered to her son, Walker W. Wynekoop, as trustee, a warranty deed conveying the real estate in question. Immediately following the description of the premises the deed contained this clause: "To HAVE AND TO HOLD the said premises with the appurtenances upon the trusts and for the uses and purposes herein and in said trust agreement set forth." In another place the following words appear: "In no case shall any party dealing with said trustee in relation to said premises, * * * be obliged or privileged to inquire into any of the terms of said trust agreement; and every deed, trust deed, mortgage, lease or other instrument executed by said trustee in relation to said real estate shall be conclusive evidence in favor of every person relying

upon or claiming under any such conveyance, lease or other instrument, (a) that at the time of the delivery thereof the trust created by this Indenture and by said trust agreement was in full force and effect, (b) that such conveyance or other instrument was executed in accordance with the trusts, conditions and limitations contained in this Indenture and in said trust agreement or in some amendment thereof * * *." This instrument gave full power and authority to the trustee for the handling and disposition of the property and after specifying many of the things which the trustee might do, including selling, dividing, mortgaging, leasing, renewing leases, giving options and other acts of ownership, the following appears: "and to deal with said property and every part thereof in all other ways and for such other considerations as it would be lawful for any person owning the same to deal with the same, whether similar to or different from the ways above specified, at any time or times hereafter."

The deed provided that any party dealing with the trustee or any purchaser of the premises would not be obliged to see that the terms of the trust had been complied with nor required to see to the application of the purchase money, etc. It also contained a provision that the interest of each and every beneficiary thereunder and of all persons claiming under them should be only in the earnings, avails and proceeds, and each such interest was declared to be personal property, and it was stated that no holder of such beneficial interest should have any title or interest, legal or equitable, in or to the real estate as such. This deed did not name the beneficiaries nor did it provide for the termination of the trust. It did, however, make reference in four places to a "trust agreement."

Coincident with the execution of said deed, a trust agreement duly witnessed was executed by said Walker W. Wynekoop as trustee, which recited, in the beginning: "THIS TRUST AGREEMENT, dated this 24 day of January,

1934 is to certify that WALKER W. WYNEKOOP, as Trustee hereunder is about to take title to the following real estate in Cook County, Illinois, to-wit:" Then followed the description of exactly the same premises as covered by appellant's deed.

The trust agreement recited that the trustee held title for the uses and purposes and upon the trusts therein set forth, which were substantially the same as those mentioned in appellant's deed. The said trust agreement provided that Walker W. Wynekoop, Catherine Wynekoop and Earle Wynekoop were each entitled to an undivided one-third interest in the earnings, avails and proceeds of said real estate. It provided that any person who may become entitled to any interest under the trust should have only a power of direction to deal with the title, management and control of the property and that such interest should be deemed personal property and to pass to his personal representative upon death and not to his heirs; that he should have no interest in the real estate, legal or equitable, and that the death of any beneficiary should not terminate the trust nor in any manner affect the powers of the trustee. The agreement provided for reimbursement of the trustee in case of expenditures and that the trustee should have no duty in respect to the management or control or the collection, handling or application of rents, earnings, avails or proceeds or in payment of taxes, etc., except on written direction by the beneficiaries.

Almost five years after the execution of said instruments there was filed for record on October 23, 1939, appellant's affidavit, dated the 21st day of the same month, in which she states that the premises were deeded to Walker without consideration and on the understanding that the real estate was to remain nominally in him "until certain legal questions vitally affecting affiant personally were determined" and that on her request Walker was to deed back the premises to her or administer them for her benefit, and,

in the event of her death before the real estate was returned to her, that then he was to administer the same for his benefit and for the benefit of her daughter and other son. The affidavit recited that it was to affirm to the whole world the facts in order that her interest in the real estate would appear and be made a matter of record and that the affidavit was for the further purpose of conveying to Walker her request that he reconvey the real estate to her.

Walker W. Wynekoop departed this life intestate on October 24, 1948, leaving Marcia V. Wynekoop, his widow, Walker E. Wynekoop, Marcia Wynekoop Ayars, and Robert Cornelius Wynekoop, his children, as his only heirs, all of whom were made parties defendant to this suit. Alan Buck Ayars, husband of Marcia Wynekoop Ayars was also made a party defendant. Catherine Wynekoop Dobson and Earle J. Wynekoop executed and delivered to Walker W. Wynekoop, their brother, in 1939 and 1936, respectively, quitclaim deeds to the premises, and also assigned to him all their beneficial interest in the trust and trust premises. Each also filed a disclaimer in the suit. When the premises were deeded to Walker in trust January 24, 1934, they were worth approximately $35,000, and were subject to the mortgage and tax liens aforesaid aggregating approximately $25,000. These liens were fully discharged by Walker in his lifetime.

Appellant claims that because the trust agreement executed by Walker W. Wynekoop was not signed by her she is not bound by any of its provisions; that the deed which she executed did not contain sufficient directions to the trustee and that she was the only one who could declare or specify the terms to complete the trust, which she did by her aforesaid affidavit.

Appellees contend, on the other hand, that the instrument executed by Walker W. Wynekoop, the trustee, is the "trust agreement" referred to in appellant's deed so that the two instruments must be read and considered to-

gether, and when so read and considered they constitute a complete trust, having a grantor or settlor and a grantee or trustee, subject matter or property, and beneficiaries, with the nature and quantity of their interest specified and the manner and time in which the trust is to be performed. These are essential elements to the creation of a trust. *Marble* v. *Estate of Marble,* 304 Ill. 229; *Snyder* v. *Snyder,* 280 Ill. 467.

As shown above, the deed executed by appellant refers in four places to a "trust agreement." She certainly had some trust agreement in mind. She does not claim that there was any other trust agreement, and we believe the evidence fully establishes that the deed signed by appellant and the trust agreement signed by Walker were both executed at the same time and place after appellant had read them both, and that the trust agreement to which she refers by her deed is the one bearing even date therewith and the one presented to us in this case. If the terms of the trust are collected from several papers, it is not necessary that all of them be signed, but it is sufficient if they are so referred to and connected with the paper that is signed that they may be identified and read as genuine papers and a part of the transaction. 54 Am. Jur. sec. 46, p. 58; *Ransdel* v. *Moore,* 153 Ind. 393.

We hold that the trust agreement in evidence is the one referred to by appellant in her deed in trust and that it is as much a part of the trust arrangement as if it had been signed by her. Unless a contrary intention is manifested, instruments executed at the same time, by the same parties, for the same purpose and in the course of the same transaction, are regarded as one instrument and will be construed together as if they were as much one in form as they are in substance. (*County of Hamilton* v. *Sloan,* 387 Ill. 24; *Nelson* v. *Colegrove & Co. State Bank,* 354 Ill. 408.) A trust is created when no act is necessary to be done to give it effect and when the trust is fully and

finally declared in the instrument creating it. A perfectly created and completed trust requires no consideration to support it. *Meyer* v. *Pfahler*, 362 Ill. 336; *Hubbard* v. *Buddemeier*, 328 Ill. 76.

The trust agreement was properly admitted in evidence and it, with the deed, constituting in legal effect one instrument, signed by appellant, takes from our consideration the defense of the Statute of Frauds urged by appellant, because the two instruments read together sufficiently constitute an express trust. The trust being express and completed by these two instruments, nothing the appellant did thereafter could detract therefrom, (*Hubbard* v. *Buddemeier*, 328 Ill. 76; *Williams* v. *Evans*, 154 Ill. 98,) and the affidavit which she filed for record was without force or effect.

The court saw and heard the witnesses who testified relative to what took place when the deed and trust agreement were executed. When testimony is contradictory, this court will not substitute its judgment as to the credibility of witnesses for that of the trial court which saw and heard them, and will not disturb the findings unless they are manifestly against the weight of the evidence. *Schnepper* v. *Ashlock*, 404 Ill. 417; *Evangeloff* v. *Evangeloff*, 403 Ill. 118.

Complaint is made that the court erred in sustaining objections to appellant's offer in evidence of some exhibits having to do with certain fiduciary income-tax returns. These exhibits are not abstracted but merely referred to in the abstract, and we cannot therefore say the court erred in its ruling concerning them.

Appellant also complains because the court found her guilty of *laches* in not having previously asserted the cause of action alleged in her complaint and her position disclosed by her affidavit. In our opinion, the appellant had no cause of action as claimed by her nor did she have the

rights claimed in her affidavit. Alleging or asserting those matters at an earlier date would have been of no avail.

When the deed in trust and the trust agreement were executed the appellant was confined and awaiting trial for the crime of murder. She was then sixty-three years of age and the property in question was encumbered by heavy liens. As heirs of their father, her children had previously deeded their interest in the premises to her. It is our opinion that appellant, when she signed the deed in trust, which referred to the trust agreement, intended to dispose of the property for the use and benefit of those who had made it possible for her to enjoy it as long as she did.

It will not be necessary to decide or pass upon other points raised because what we have said herein fully disposes of the case. From a careful consideration of the whole record we hold that the decree of the circuit court was proper and it is affirmed.

*Decree affirmed.*