In the Matter of Petition of Melvin Weisbart and Gladys Weisbart, his Wife, to Adopt Linda Ann Berezin, a Minor, Petitioners-Appellants, v. Linda Ann Berezin, a Minor and Lee Thieda, also Known as Lee Berezin, Defendants-Appellees.

Gen. No. 45,612.

Opinion filed April 1, 1952. Released for publication May 23, 1952.

OTTO SCHUSTERMAN, HARRY DIRECTOR, and LEO S. KARLIN, all of Chicago, for appellants; LEO S. KARLIN, of Chicago, of counsel.

JOSEPH LUSTFIELD, of Chicago, for appellees.

MR. JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order denying the petition of Melvin Weisbart and Gladys Weisbart, his wife, appellants, to adopt Linda Ann Berezin, a minor. The petition was filed on January 16, 1951. On the same date defendant Lee Thieda, one of the appellees, and natural mother of the child, filed a consent, dated July 31, 1950, and acknowledged before the clerk of the county court on said date, together with an appearance and answer, which had also been executed on July 31, 1950, waiving service of summons, entering her appear-

ance and consenting to an immediate hearing and entry of a decree of adoption. On the same date summons was filed and served on the minor child, an order was entered appointing a guardian *ad litem* and authorizing him to act on behalf of the minor. Three days later a notice of motion was filed on behalf of Lee Thieda to withdraw her answer and revoke her consent, which was served on attorneys for the petitioners, the Cook County Bureau of Public Welfare and the guardian *ad litem.* On January 23, 1951, the court, pursuant to the notice, entered an order revoking the consent, allowing Lee Thieda to withdraw her answer, file a new answer that denied she had abandoned her child, and set for hearing the question as to whether or not there had been an abandonment of the child. After several hearings the court on April 6, 1951, dismissed the petition for adoption and ordered the surrender of the custody of the child to defendant Lee Thieda.

It is petitioners' theory that the court's order revoking the consent was arbitrary and against the manifest weight of the evidence and that the order dismissing the petition for adoption was against the manifest weight of the evidence.

██ ██ Petitioners, in support of their first contention pertaining to the revocation of the consent, cite *In re petition of Dickholtz,* 341 Ill. App. 400, in which this court held contrary to the decision *In re Thompson v. Burns,* 337 Ill. App. 354, Second District. In the case last mentioned the court held that at any time before the court had actually acted upon a petition for adoption the natural mother had the absolute right to withdraw her consent. In the *Dickholtz* case the First Division of this court held that the right to withdraw a consent should not be declared absolute but should be left to the sound discretion of the trial court, depending upon the particular circumstances in each case. We be-

lieve the latter opinion serves to better protect the rights of the parties and society. To hold otherwise would be to place a premium upon the emotional instability which produces illegitimates, to say nothing of the possibilities for racketeering which a contrary interpretation of the law would put in reach of those who may be criminal in their tendencies, as well as lacking in the qualities of parenthood. This would, in turn, discourage adoption. The adoption law cannot remove the stigma of illegitimacy, generally, but to the extent that it may secure desirable placement, it avoids its most dangerous results. *In re Adoption of a Minor,* 144 F. (2d) 644.

██ ██ In the case under consideration no formal petition was filed but notice of motion was served. The record is silent as to what took place at the hearing before the court. An order was entered that recited in part: ". . . the Court being fully advised in the premises, It Is Therefore Ordered that leave be and the same is hereby given to Lee Thieda, also known as Lee Berezin, to withdraw the answer and consent heretofore filed . . . ." The better procedure would have been for the court to have had a hearing based on a petition and answer filed thereto, before the entry of an order revoking the consent. We cannot, however, go behind the findings of the order and say that the court acted in a summary and arbitrary manner in reaching its decision when there is nothing in the record to show that such was the action of the court. We must, therefore, assume that its decision was reached after a careful and deliberate consideration of all the facts.

As to petitioners' second point that the order dismissing the petition for adoption was against the manifest weight of the evidence, the testimony on the hearing of the petition reveals that the mother had difficulty reaching a decision as to whether or not she should

16

place her child for adoption. At the time she was without money, about to be evicted from her apartment and had no one to care for the child while she worked. In this state of mind she saw adoption as the only solution to her problems. After the child had been delivered to petitioners and when she was executing the consent at the county clerk's office, she was informed that if she changed her mind she could get her child back provided she took such action within six months. Shortly after she had placed the child with the petitioners she regretted her act and took steps to try to locate the child and to set aside her consent.

██ ██ The trial court heard and saw the witnesses who testified and this court will not substitute its judgment as to the credibility of the witnesses for that of the trial court which saw and heard them unless the findings are manifestly against the weight of the evidence. *Wynekoop v. Wynekoop,* 407 Ill. 219. After an examination of the evidence we cannot say that the trial court's findings were against the manifest weight of the evidence and that it abused its discretionary power in denying the petition.

██ Petitioners have filed certain motions. Our decision has made them moot and they are therefore denied. The judgment of the county court is affirmed.

*Judgment affirmed.*

TUOHY, P. J. and SCHWARTZ, J., concur.