422 A.2d 1145

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION
OF ERIE, Appellant,

v.

GREAT NORTHERN DEVELOPMENT CORPORATION; James
F. Zagger and Sonia A. Zagger, Husband and Wife; William D.
Irwin and Lois J. Irwin, Husband and Wife.

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed Nov. 26, 1980.

338

P. Raymond Bartholomew, Sharon, for appellant.

Anthony Perfilio, Sharon, for appellee.

James Stranahan, III, Mercer, for participating parties.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On December 18, 1970, William D. Irwin (recently divorced from his wife Joan) signed an agreement with Edward and Rita Rose, whereby Irwin was to purchase from Mr. and Mrs. Rose a farm located in Jackson Township. The agreement specified "Wm. D. Irwin, trustee" as the buyer, and was signed by "Wm. D. Irwin, trustee." Irwin was to pay a total of twelve thousand dollars by January 31, 1971, and the balance of twenty–three thousand (plus interest at the rate of six and one–half percent) in monthly payments of two hundred twenty–five dollars per months. The Roses were to continue residing on the premises for six months, paying one hundred dollars per month rent. The property was subject to a mortgage in favor of First Federal Savings and Loan Association of Mercer County, and Irwin began making the mortgage payments to First Federal. The agreement of sale was not recorded. A deed from the Roses was not executed until April 22, 1977, and was not recorded until June 13, 1977.

On January 31, 1971, Irwin executed a handwritten "Declaration of Trust" in which he referred to the agreement of sale and to the farm in question and stated:

NOW THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, WILLIAM D. IRWIN, of the City of

Sharon, County of Mercer & State of Pa. hereby make known, admit & declare that the said premises were so conveyed to me, subject to the mtge. existing thereon at the time of sd. conveyance, & that I now hold & will continue to hold the same IN TRUST only for the use & benefit of the said Mark Wm. Irwin, Charles Michael Irwin & Jon Robert Irwin, their heirs, executors, administrators & assigns & that I have no beneficial interest therein except such as may arise by legal & equitable implication; and I do for myself, my heirs, executors & administrators, covenant & agree to & with the said Mark Wm. Irwin, Charles Michael Irwin & Jon Robert Irwin, their heirs, executors, administrators & assigns, that I & my heirs, executors or administrators should & will convey the said premises by good & sufficient deed to the said Mark Wm. Irwin, Charles Michael Irwin, & Jon Robert Irwin, their heirs, executors, administrators & assigns or as he or they may direct & require, whenever requested by them so to do after obtaining their majority, subject only to such encumbrances as may now or then be charged against said property.

AND I DO FURTHER, for myself, my heirs, executors, administrators, covenant & agree to & with the said Mark Wm. Irwin, Charles Michael Irwin & Jon Robert Irwin, their heirs, executors, administrators & assigns, that I or my heirs, executors or administrator shall not do or knowingly suffer or permit any act, deed, matter or thing whereby the said premises can, shall or may be in any wise impaired, injured or further encumbered in title, charge, estate or otherwise howsover [sic].

In 1972, William Irwin (now remarried) and his wife Lois, along with James F. and Sonia A. Zagger, became individual guarantors of a corporate mortgage with First Federal Savings and Loan Association of Erie on property located in Pymatuning Township. The corporation, Great Northern Development Corporation, defaulted on the loan, and First Federal foreclosed on the mortgage, obtaining a deficiency judgment on December 31, 1975 in the amount of two

hundred sixty–three thousand dollars. In early 1976, the four guarantors of the loan filed bankruptcy petitions. At that time, First Federal of Erie became aware of the Jackson Township farm, and attempted to recover part of the deficiency by execution and levy on the farm. Irwin petitioned to set aside the writ of execution, and hearings were held on July 22, and August 15, 1977. The lower court, by Order dated November 7, 1977, declared that the property in question was owned by William Irwin in trust for his three sons, and the court therefore ruled the execution and levy to be null and void. The case is before us on appeal by First Federal of Erie from the lower court's Order of March 8, 1979 dismissing First Federal's exceptions.

Appellant argues that the lower court erred in its determination that a valid trust had been created, since no beneficiaries were named and no fiduciary duties were imposed. Although neither beneficiaries nor fiduciary duties were mentioned in the agreement of sale, the declaration of trust executed less than six weeks later named Irwin's sons as beneficiaries and imposed fiduciary duties. A trust may be evidenced by several writings. Restatement, Second, Trusts, § 48. We find no merit to this argument of appellant.

Appellant further argues that the trust was invalid because William Irwin failed to perform the duties of a trustee and engaged in conduct inconsistent with that expected of a trustee. Specifically, appellant argues that William Irwin failed to record the agreement of sale and the declaration of trust, that he failed to render an accounting to the beneficiaries of the trust, that he failed to file fiduciary tax returns and instead took deductions for the trust property on his personal income tax returns, that he failed to show the trust documents to the beneficiaries, that he failed to mention the trust to his ex–wife at the time that property settlement negotiations were in progress, and that he executed as "sole owner" a right of way over the trust property to Bell Telephone.

A writing (or writings) will be sufficient evidence of a trust if the beneficiary, the trust property, and the purposes of the trust are set forth therein. See Restatement, Second, Trusts, § 46. An equitable interest, if transferable, may be held in trust. Restatement, Second, Trusts, § 83. We find the two documents executed by William Irwin to be sufficient evidence of his intent to create a trust at least of the contractual right to purchase the property from the Roses. See Restatement, Second, Trusts, § 26, Illustration 15. The fact that William Irwin may have acted inconsistently with his obligations as trustee may give rise to a cause of action by the beneficiaries of the trust, but we find that the actions complained of by appellant are not sufficient to overcome the clear and convincing evidence that Mr. Irwin created a valid trust with his sons as beneficiaries. We find no error on the part of the lower court.

Order affirmed.