FIRST NATIONAL BANK IN ORD, NEBRASKA, APPELLEE AND CROSS-APPELLANT, V. J.H. SCHROEDER, INDIVIDUALLY, AND J.H. SCHROEDER FAMILY TRUST, APPELLANTS AND CROSS-APPELLEES.

383 N.W.2d 755

Filed March 28, 1986.   No. 84-904.

Curtis A. Sikyta, for appellant.

Robert E. Wheeler, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.
J.H. Schroeder and the J.H. Schroeder Family Trust appeal the judgment of the district court which, in response to plaintiff's petition in the nature of a creditor's bill, decreed that the defendant trust was null and void.

In March of 1978 J.H. Schroeder transferred substantially all of his assets to the J.H. Schroeder Family Trust (hereinafter trust), which he created. In exchange for the property, Schroeder received a certificate of beneficial interest for 100 units, representing the "entire . . . value of the trust."

Both before and after the creation of the trust, the First National Bank in Ord carried on a business relationship with Schroeder. This relationship existed with Schroeder in his personal capacity, and essentially the trust was disregarded.

In September of 1982 the bank obtained a judgment against Schroeder on a note. Thereafter, the bank executed on the judgment and it was returned unsatisfied. The bank then filed this action to set aside the trust.

Although finding in favor of the defendants on four causes of action, including the bank's allegations that the trust was invalid due to fraudulent conveyances, the court did rule for the bank on its claim that the trust was void in failing sufficiently to specify beneficiaries. The trustees were ordered to hold the assets in a constructive trust for J.H. Schroeder.

The defendants appeal, and the plaintiff cross-appeals based on the court's dismissal of its other four causes of action. However, because we affirm the judgment of the trial court on its finding against the defendants, it is unnecessary to consider the cross-appeal.

"A trust is not created unless there is a beneficiary who is definitely ascertained at the time of the creation of the trust or definitely ascertainable within the period of the rule against perpetuities." Restatement (Second) of Trusts § 112 at 243

(1959).

The trust created by Schroeder does not identify the beneficiaries nor provide a method for determining who the beneficiaries were intended to be. The trust provides:

### CERTIFICATES OF BENEFICIAL INTEREST

The Beneficial Interests, as a convenience, for distribution are divided into One Hundred (100) Units, substantially in the certificate form hereto attached. They are non-assessable, non-taxable . . . non-negotiable but transferable; and the lawful possessor thereof shall be construed the true and lawful owner thereof. . . .

The trust document contains no provision indicating who is to receive the certificates of beneficial interest, nor does it empower the trustees to make that determination.

Schroeder argues that because the trust provides that the possessor of a beneficial interest certificate is the "true and lawful owner thereof" and that the trust in fact transferred the certificate of 100 units of beneficial interest to him, the beneficiaries were at all times ascertainable.

Schroeder misses the point that "[i]t is essential to the creation and existence of a trust that a . . . beneficiary . . . *be designated* with sufficient clarity and certainty to be capable of identification, although not necessarily by name . . . ." (Emphasis supplied.) 76 Am. Jur. 2d *Trusts* § 135 at 377 (1975). The trust simply designates the owner as the beneficiary without providing how possession and ownership shall occur. Resultingly, the trust, on its face, does not adequately identify its beneficiaries and therefore must fail. The trial court's ruling in this regard is correct and makes it unnecessary to address whether the trust violated the rule against perpetuities.

The defendants also assigned as error the trial court's failure to grant a continuance due to the absence of a material witness. "A motion for continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal." *In re Interest of M.*, 215 Neb. 383, 390, 338 N.W.2d 764, 769 (1983).

To warrant a continuance because of the absence of a

witness or evidence, the expected evidence must be credible and such as probably to affect the result. The absence of evidence that plainly cannot alter the result of the action is clearly no ground for a motion to continue a cause.

17 C.J.S. *Continuances* § 51 at 428 (1963). Accord *Life Insurance Clearing Co. v. Altschuler*, 55 Neb. 341, 75 N.W. 862 (1898).

In the case at bar the trial court determined as a matter of law that the trust document was insufficient to establish a trust. The defendants' witness, who was to testify primarily about the administration of the trust, could in no way have altered that result. There was no abuse of discretion in denying the continuance.

We affirm the decree of the trial court declaring that the J.H. Schroeder Family Trust is void and that "its assets are held by the Trustees in Constructive Trust for J. H. Schroeder."

AFFIRMED.