**UNITED STATES of America, Appellee,**

v.

**Robert E. SPURGEON, Appellant.**

**No. 88–1507.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 19, 1988.

Decided Nov. 4, 1988.

William A. Cohan, Denver, Colo., for appellant.

James Love, Washington, D.C., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and LARSON, Senior District Judge.[*]

PER CURIAM.

The United States brought this action against Robert E. Spurgeon, seeking to eject him from property for which the Government had obtained a tax deed after levying upon the property to collect delinquent taxes that Spurgeon owed. Spurgeon initially sought to defend by asserting that the Government could not eject him from the land because the R & B Trust, to which Spurgeon purportedly deeded the property before the assessment, actually owned the property. The district court[1] rejected the defense and granted summary judgment to the Government on the grounds that Spurgeon lacked standing to challenge the Government's tax deed and that any other person claiming an interest in the property must bring a wrongful levy action under 26 U.S.C.A. § 7426(a)(1) (West Supp.1988).[2]

After the district court granted the Government's motion for summary judgment, Spurgeon sought summary judgment on grounds that the R & B Trust owned the land, and the trust, through the attorney representing Spurgeon, sought to intervene and to obtain summary judgment on its behalf. Upon denial of these motions, Spurgeon has appealed only from the grant of summary judgment to the United States and from the orders denying the trust intervention, a stay of judgment, and summary judgment. On the appeal, the attorney for the appellant has filed a brief

as "Attorney for R & B Trust" and orally argued the case as though the trust were the appellant. For the reasons discussed below, we dismiss the appeal to the extent that the trust purports to be the appellant. To the extent that Spurgeon's appeal might raise these issues, we determine those claims lack any merit.

On April 26, 1984, the Internal Revenue Service (IRS) sent to Spurgeon a notice of the assessment of delinquent taxes, along with accumulated penalties and interest, totalling $50,499.71. To collect these delinquent taxes, the IRS filed a Notice of Federal Tax Lien on a farm in Scotts Bluff County, Nebraska, that the Government had determined Spurgeon owned. The IRS seized the property and gave notice to Spurgeon as required by the Internal Revenue Code. See 26 U.S.C.A. § 6331(d) (West Supp.1988). After no buyers submitted bids at a closed bid sale held on March 15, 1985, the Government purchased the property for the minimum bid price.

After the Government purchased the property, however, Spurgeon refused to vacate the land and continued to farm it. As a result, on June 16, 1987, the Government filed this action under 28 U.S.C.A. § 1345 and 26 U.S.C.A. § 7401 to eject Spurgeon from the property.

In his answer to the complaint and in his motion for summary judgment, Spurgeon asserted as a defense that the Government improperly had levied upon property that did not belong to him at the time of the tax assessment. Specifically, Spurgeon argued that he had transferred the farm to the R & B Trust with a quitclaim deed filed on February 23, 1984. Samuel J. Spurgeon

---

[*] The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

2. This section provides:

    (1) Wrongful levy.—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an

interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C.A. § 7426(a)(1) (West Supp.1988). In addition, the nine-month statute of limitations set forth in 26 U.S.C.A. § 6532(c) applies to wrongful levy actions by third persons under section 7426.

and Mary Gail Spurgeon, the trustees of the trust, then executed a contract providing that Robert Spurgeon would retain possession of and farm the property as caretaker for the trust. Thus, Spurgeon argued that the Government could not eject him because he was the lessee of the actual owner of the land—the R & B Trust.

The district court rejected this argument, however, in granting summary judgment for the Government on February 18, 1988, on the grounds that Spurgeon did not have standing to challenge the Government's deed to the property and noted that the trust had not challenged the deed by a wrongful levy remedy as provided by statute. The trust, through its attorney (the same attorney who represents Spurgeon), then filed motions to intervene in the ejectment action, for a stay, and for summary judgment. On March 18, 1988, the district court denied these motions, determining that allowing the trust to intervene and file motions would vitiate the nine-month statute of limitations on the trust's exclusive remedy for challenging the Government's title to the property—a wrongful levy action under 26 U.S.C.A. § 7426(a)(1). This appeal followed.

Although the briefs assert arguments as though the trust brings the appeal attacking the district court's order denying its motions, the notice of appeal names only Spurgeon as the appellant. No person asserting the interest of the trust, nor the trust itself, has sought to be named as an appellant. Thus, because the trust is not a party to this appeal, we must dismiss the appeal to the extent that the trust seeks to overturn the rulings of the district court. *Torres v. Oakland Scavenger Co.,* — U.S. ——, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988).[3]

 To the extent that we deem Spurgeon as having filed this appeal asserting the trust's rights, we reject his claims and affirm the district court for two reasons. First, between the United States and the

taxpayer, the levy proceedings divested Spurgeon of all ownership interests he may have held in the farm and gave these interests to the Government. *See* 26 U.S.C.A. § 6331(a). Second, Spurgeon may not assert the trust's alleged rights to the property in this appeal because the trust is invalid under Nebraska law and, as such, did not receive any ownership rights from Spurgeon through his quitclaim deed to the trust.

Under Nebraska law, a valid trust must designate beneficiaries "with sufficient clarity and certainty to be capable of identification, although not necessarily by name." *First Nat'l Bank v. Schroeder,* 222 Neb. 330, 383 N.W.2d 755, 757 (1986). A trust such as the one in this case, which merely designates as beneficiaries those persons "holding certificates representing units of beneficial interest, whose names are recorded and ascertainable in the trust records," fails to identify the beneficiaries adequately. *See id.* (invalidating similar trust that failed to indicate who was to receive certificates and did not empower trustees to make that determination). In *F.P.P. Enters. v. United States,* 830 F.2d 114 (8th Cir.1987), we reviewed similar trusts and said:

> The trusts also lack the essential elements necessary to create any other type of trust. *See Jaiser v. Milligan,* 120 F.Supp. 599, 612 (D.Neb.1954). They fail to identify beneficiaries or provide a method for determining who the beneficiaries were intended to be.

*Id.* at 117. For these reasons, we must reject Spurgeon's claim to possession of the land through the trust.

In sum, because the trust is not a party to this appeal and the taxpayer's arguments asserting the trust's claims lack merit, we affirm the judgment of the district court.

---

3. Although this court recently declined to apply *Torres* retroactively in *McMichael v. United States,* 856 F.2d 1024 (8th Cir.1988), the prospective appellant in that case earlier had requested and received permission to amend the notice of appeal to include an inadvertently omitted name. In this case, neither Spurgeon nor the trust sought to amend the notice of appeal.