IN RE ESTATE OF CONNIE Y. WEST, DECEASED.
CHERILYN J. FROSH, PERSONAL REPRESENTATIVE OF THE ESTATE OF CONNIE Y. WEST, DECEASED, AND JAMES H. WEST ET AL., BENEFICIARIES, APPELLANTS, V. TED HANEY ET AL., HEIRS AT LAW, APPELLEES.

560 N.W.2d 810

Filed March 28, 1997.  No. S-95-575.

Kelly Michael Hogan for appellants.

Richard A. Dudden for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ., and COADY, D.J.

WHITE, C.J.

Decedent, Connie Y. West, executed a document entitled "D & C Living Trust" (living trust document) on July 16, 1989. The living trust document named decedent and Cherilyn J. Frosh as cotrustees, but did not name beneficiaries.

Decedent also executed a declaration of homestead (declaration) and a trust registration (registration). These documents were dated July 16, 1989, were notarized by a neutral party on August 14, and were filed in the office of the clerk for Keith County on August 18.

The declaration stated that decedent was a cotrustee of the D & C living trust (trust). In addition, she claimed her homestead, described as "Lot 5, Block 3, William's 4th Subdivision, City of Ogallala, County of Keith, State of Nebraska," for the benefit of herself and for the benefit of James H. West, Heather Lynn West, Quincy West, Jacob West, and Hope West. The declaration was signed by decedent in her capacity as cotrustee.

The registration listed decedent and the Wests as cotrustees and as beneficiaries of the trust. Pursuant to the registration, the trust property included all real estate recorded in the clerk's office and all personal property belonging to decedent. The registration was signed by decedent in her capacity as cotrustee.

Evidence demonstrates that decedent attempted to transfer the homestead to the trust by means of a grant deed on July 16, 1989. The grant deed was signed by decedent in her capacity as grantor and in her capacity as a cotrustee of the trust, but was not acknowledged.

Two bills of sale evidence that decedent intended to transfer all personal property to the trust. Included within that attempted transfer were a mobile home and an automobile. There appears to be no evidence, however, that title to these vehicles was transferred to the trust. Furthermore, the vehicles were not in decedent's possession at the time of her death. For these reasons, the vehicles will not be relevant to this court's analysis.

Finally, decedent named the trust as beneficiary of an insurance policy with Jackson National Life Insurance Company. The beneficiary of the policy was changed in October 1989 to carry out decedent's intention.

Decedent executed a last will and testament on August 14, 1989. The will provided that decedent's entire estate was to be held, administered, and distributed according to the terms of the trust dated July 16.

Decedent died on June 7, 1993. Her will was filed for probate in Keith County Court on August 9. Shortly thereafter, an application for informal probate of will and informal appointment of personal representative was filed. Frosh, who was appointed personal representative, filed an application for determination of heirs and devisees. Frosh also sold all personal property belonging to decedent at the time of her death.

On December 30, 1993, the court held that the will devised the estate to the cotrustee, Frosh, if the trust was in existence at the time of decedent's death. The court found that the living trust document did not constitute a trust because it failed for lack of beneficiaries. It also found that the living trust document did not dispose of the property in the will and that the property passed by the laws of intestacy. The court then determined that the heirs of decedent were as follows: Landon H. Hardman, Janet E. Griffin, Janey S. Kuehn, Ted Haney, Dwayne Hardman, Lee Lenoid David, and Sharon Lovelady (appellees).

A motion for new trial was filed by Frosh and the Wests (appellants). Appellants alleged that a new trial was warranted, considering that new evidence, namely the registration, had been discovered. The county court agreed and ordered a new trial.

The court again found on September 15, 1994, that there were no beneficiaries named in the living trust document, that beneficiaries could not be established by examining the will or living trust document, and that decedent's property would pass as intestate property. The heirs at law were again determined to be appellees.

The decision was appealed to the district court, which affirmed the county court's decision on April 26, 1995. Appellants appealed to this court on May 25.

Appellants' assignments of error can be summarized as follows: (1) The court erred in determining that the will and trust did not designate any beneficiaries, (2) the court erred in determining that the living trust document was the only trust instrument executed by the decedent, (3) the court erred in failing to construe all the documents to determine decedent's intent, (4) the court erred in failing to determine that the trust did not direct how decedent's estate should be managed or distributed, and (5) the court erred in affirming the decision of the county court.

An appellate court reviews probate cases for error appearing on the record made in the county court. *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996). Whether a trust has been created is a question of fact. *Matter of Estate of Binder*, 386 N.W.2d 910 (N.D. 1986). The interpretation of the words of such a trust is a question of law. *Smith v. Smith*, 246 Neb. 193, 517 N.W.2d 394 (1994). In an equitable proceeding, an appellate court makes an independent determination of both the facts and the applicable law. *Duggan v. Beermann*, 249 Neb. 411, 544 N.W.2d 68 (1996).

Pursuant to Restatement (Second) of Trusts § 2 at 6 (1959), a trust is a "fiduciary relationship with respect to property, subjecting the person by whom the title to the property is held to equitable duties to deal with the property for the benefit of another person, which arises as a result of a manifestation of an intention to create it." Such an arrangement requires that a beneficiary be definitely ascertained at the time of the trust's creation or definitely ascertainable within the period of the rule against perpetuities. *First Nat. Bank v. Schroeder*, 222 Neb. 330, 383 N.W.2d 755 (1986). See *First Nat. Bank v. Daggett*, 242 Neb. 734, 497 N.W.2d 358 (1993).

The living trust document clearly did not designate any beneficiaries. Appellants contend, however, that the trust does not fail, because the registration and declaration may be considered part of the trust and because those documents amply set out the beneficiaries. As support for this argument, appellants rely on this court's consistent rulings that

> instruments executed at the same time, by the same parties, for the same purpose, and in the course of the

same transaction are, in the eyes of the law, one instrument and will be read and construed together as if they were as much one in form as they are in substance.

*Properties Inv. Group v. Applied Communications,* 242 Neb. 464, 475, 495 N.W.2d 483, 491 (1993). We hold, as do other jurisdictions, that such a ruling applies to trust instruments and may be applied in this case. See, *Wynekoop v. Wynekoop,* 407 Ill. 219, 95 N.E.2d 457 (1950); *First Federal, Etc. v. Great Northern, Etc.,* 282 Pa. Super. 337, 422 A.2d 1145 (1980); *Reagh v. Kelley,* 10 Cal. App. 3d 1082, 89 Cal. Rptr. 425 (1970).

There is sufficient evidence to demonstrate that decedent intended that the registration and living trust document be considered one document. The registration stated that the cotrustees of the trust were decedent and the Wests. The living trust document, however, stated that there were only two cotrustees, decedent and Frosh. Nevertheless, the registration was subtitled "D & C Living Trust," addressed the distribution of the entire estate of decedent, and was dated July 16, 1989. For these reasons, we find that the registration was intended to be read as part of the trust.

It also appears that decedent intended that the declaration be read as part of the trust. The declaration, like the living trust document, was executed by decedent, stated that decedent was a cotrustee of the trust, and was dated July 16, 1989. Therefore, we conclude that the declaration must be read in conjunction with the living trust document.

After examining the entire instrument, we find that the trustor of the trust was unequivocally decedent. The cotrustees, as well as the beneficiaries, were decedent and appellants.

With regard to distribution of the trust property and distribution of decedent's estate, we recognize that the declaration provides that decedent's homestead was to be held in trust for the benefit of decedent and appellants. While the beneficiaries under the trust are ascertainable as to the homestead, unfortunately the trust was not funded with the homestead property.

Pursuant to Neb. Rev. Stat. § 76-211 (Reissue 1996), "Deeds of real estate . . . must be signed by the grantor . . . and be acknowledged or proved and recorded as directed in sections 76-216 to 76-237." More specifically, acknowledgment is

essential when conveying a homestead. See *Lindquist v. Ball*, 232 Neb. 546, 441 N.W.2d 590 (1989). The grant deed, although signed by decedent, was never acknowledged. As a result, the homestead was never conveyed to the trust and remained part of decedent's estate. The homestead must then be distributed as directed by decedent's will. The will, however, directed that all of decedent's property be conveyed to the trust and failed to provide a residuary clause. Because the trust was not funded with the homestead property and because the will failed to provide for a circumstance in which decedent's property was not placed in the trust, the homestead passes intestate. See Neb. Rev. Stat. § 30-2301 (Reissue 1995).

The declaration designated beneficiaries solely with regard to decedent's homestead, and the registration adequately designated beneficiaries with regard to the remaining property. Therefore, appellants are entitled to all personal property which had been properly transferred to the trust. Said property includes the miscellaneous cash found in decedent's house at the time of her death, proceeds from the Jackson National Life Insurance policy, the sum of $1,255.52 which had been deposited into the D & C Living Trust account, and proceeds from the sale of personal property by auction.

We hold that the homestead was not conveyed to the trust; therefore, appellees are entitled to the proceeds from its sale. In addition, because decedent's personal property was properly transferred to the trust, appellants are entitled to such property. For these reasons, the district court's decision is affirmed in part, and in part reversed.

AFFIRMED IN PART, AND IN PART REVERSED.