280 Neb. 180
JONI R. SCHLATZ AND STUART J. SCHLATZ, COTRUSTEES OF THE AMERICAN FAMILY TRUST, APPELLANTS,
v.
RON BAHENSKY, AN INDIVIDUAL, ET AL., APPELLEES.
No. S-09-866.
Supreme Court of Nebraska.
Filed July 9, 2010.
Mark A. Beck, of beck Law office, P.C., L.L.o., for appellants.
Blake J. Schulz and Cathleen H. Allen, of Leininger, Smith, Johnson, Baack, Placzek & Allen, for appellee Ron Bahensky.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
MILLER-LERMAN, J.

NATURE OF CASE
This case arises out of a dispute to real property between beneficiaries of a trust and heirs to an estate. This appeal is taken from an order of the district court for Merrick County granting the motion for summary judgment filed by an heir, defendant Ron Bahensky (appellee), and quieting title to the disputed property in the name of the decedent, Irene Bahensky (Irene). The plaintiffs-appellants, Joni R. Schlatz and Stuart J. Schlatz in their capacity as successor cotrustees of the American Family Trust, appeal. Because we determine that there are genuine issues of material fact, we reverse, and remand for further proceedings.
At issue in this case is the ownership of two parcels of real estate located in Merrick County, Nebraska, described by the court as
The West Half of the Northeast Quarter of section Ten (10), Township Twelve (12) North, Range Eight (8) West of the sixth P.M., Merrick County, Nebraska; and The West Half of the southeast Quarter of section Three (3), Township Twelve (12) North, Range Eight (8) West of the Sixth P.M., Merrick County, Nebraska.
Appellants are the successor cotrustees of the American Family Trust, the trust that currently holds the last recorded deed to the property at issue. They filed this action to quiet title in the name of the American Family Trust or in the name of the purported beneficiaries of this trust. On the record before us, appellee, one of several defendants, is an heir of Irene. The case may be generally characterized as one involving a dispute among the beneficiaries of a trust and the heirs to an estate.
Prior to June 17, 1967, the real property at issue was owned by Melvin Bahensky (Melvin) and Irene as joint tenants. On June 17, the real estate was conveyed by Melvin and Irene as joint tenants to Melvin and Irene as tenants in common. On July 11, 1978, by quitclaim deed, Melvin deeded his undivided one-half interest in the real estate to Irene. The deed was recorded on July 12. This transaction resulted in Irene's being the sole owner of the real estate at issue. Appellee argues that this was the last valid conveyance of the property. After this transaction, on July 12, Melvin and Irene began a series of conveyances, many of which appear to be based on forms circulated by individuals or organizations apparently designed to avoid taxes, reduce future probate expenses, plan their respective estates, and avoid attorney fees.
The first of these conveyances began with a quitclaim deed executed by Irene on July 12, 1978, conveying the property to Melvin and Janis A. Gustafson, trustees of the "I. Dammann Trust." The district court found that the parties failed to produce any evidence of the existence of the I. Dammann Trust. However, there was evidence produced that on approximately the same date, a trust was recorded with the Howard County, Nebraska, register of deeds, and that trust was titled the "M & I Bahensky Trust." The district court therefore determined that the I. Dammann Trust and the M & I Bahensky Trust were one and the same. This finding is not challenged on appeal. As discussed further below, the district court concluded that the M & I Bahensky Trust was not valid, because it did not adequately identify the beneficiaries, and the legal consequences of this invalidity are the subject of this appeal.
On January 1, 1982, in a trustee's deed executed by Melvin, Irene, and Gustafson, "as all of the Trustees under Agreement dated July 10, 1978," the land was conveyed out of the M & I Bahensky Trust and to "Melvin D. Bahensky or Irene D. Bahensky or Jeffrey J. Reiss W.R.O.S."
On September 13, 1988, Melvin and Irene executed a quitclaim deed conveying the real estate to the "Green Acres Trust Co." (Green Acres Trust). The deed was not executed by Jeffrey J. Reiss as a grantor. On June 22, 1991, by warranty deed, the Green Acres Trust conveyed the real estate to the "Evergreen LTD [Trust]." on November 15, 1996, Irene, as trustee of the Evergreen LTD Trust, executed a quitclaim deed conveying the real estate to the American Family Trust, with Melvin as trustee. Appellants entered evidence purporting to show that beneficiaries of the American Family Trust were identified by amendments.
Melvin and Irene are now deceased, and appellants brought this action to quiet title to the real estate at issue in favor of the American Family Trust. Appellee filed a counterclaim. Appellee also filed a cross-claim against the other defendants in this matterReiss, Gustafson, and all persons claiming an interest in the property in questionin which appellee sought to quiet title in the name of Irene.
On April 23, 2009, appellee filed a motion for summary judgment on his counterclaim and cross-claim. A hearing was held on the motion on May 11. Defendants Reiss and Gustafson did not attend the hearing.
On August 3, 2009, the district court filed an order granting appellee's motion and quieting title in the name of Irene. As an initial matter, the court determined that the I. Dammann Trust was in fact the M & I Bahensky Trust and, therefore, examined the latter trust document to determine the validity of the M & I Bahensky Trust and the impact of such validity on subsequent transfers.
In examining the M & I Bahensky trust, the district court noted that regarding beneficiaries, the M & I Bahensky Trust contained the following language:
The Beneficial Interests, as a convenience, for distribution are divided into one Hundred (100) Units. They are non-assessable, non-taxable, non-negotiable, but transferable; and the lawful possessor thereof shall be construed the true and lawful owner thereof. The lawful owner may, if he so desires, cause his Beneficial Certificate to be registered with the secretary of the Trust.
The district court observed that this language was found in the trust at issue in First Nat. Bank v. Schroeder, 222 Neb. 330, 383 N.W.2d 755 (1986). This court concluded that the trust at issue in Schroeder was invalid because it failed to adequately identify the beneficiaries. Based on the reasoning in Schroeder, the district court concluded that the transfer by Irene to the trustees of the M & I Bahensky Trust was "invalid and void." In its order, the district court continued that, "[t]herefore, all subsequent purported conveyances of such real estate are also void." The district court concluded that because the transfer to the M & I Bahensky Trust was void, ownership of the real estate devolved into a resulting trust in favor of Irene. The court concluded that there were no genuine issues of material fact and quieted title to the property in the name of Irene. This appeal followed.

ASSIGNMENTS OF ERROR
Appellants claim that the district court erred in (1) imposing a resulting trust in favor of the estate of Irene and (2) quieting title in the name of Irene.

STANDARDS OF REVIEW
[1,2] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. In re Estate of Fries, 279 Neb. 887, 782 N.W.2d 596 (2010). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all favorable inferences deducible from the evidence. Id.

ANALYSIS
On appeal, appellants claim that because the American Family trust, as amended, indicates its intended beneficiaries with reasonable specificity, and because it is the last purported trust created by Irene, it demonstrated Irene's intentions. Appellants claim that the district court erred when it did not quiet title in the beneficiaries of that trust, rather than Irene. Appellants' argument presumes that the American Family Trust and conveyances into the trust are valid, presumptions which are not supported by the record. We reject appellants' argument on the summary judgment record before us, because there is a genuine issue of material fact (except as to the trustee's deed of January 1, 1982, which is invalid) as to the validity of the trusts formed and transfers made subsequent to the formation of the M & I Bahensky Trust, including the American Family Trust. However, because we do find error in the decision of the district court on grounds different from those asserted by appellants, we reverse and remand. Specifically, we conclude that the district court erred when it concluded that because the M & I Bahensky Trust was void, "all subsequent purported conveyances of such real estate are also void," thus necessarily quieting title in Irene.
The district court concluded that the M & I Bahensky Trust was not valid because it failed to adequately identify the beneficiaries. This conclusion was correct based on the reasoning in First Nat. Bank v. Schroeder, 222 Neb. 330, 332, 383 N.W.2d 755, 757 (1986), wherein we disapproved of a provision comparable to the instant case of "units of beneficial interest" without providing who was to receive the certificates of beneficial interest. The district court also correctly concluded that the failure of the M & I Bahensky Trust created a resulting trust in Irene as settlor. See First Nat. Bank v. Daggett, 242 Neb. 734, 497 N.W.2d 358 (1993). However, because a later transfer by Irene could potentially be valid, the district court erred when it reasoned that all subsequent purported conveyances were necessarily void and that therefore, it was required to quiet title in Irene.
The consequence of the failure of the M & I Bahensky Trust was that the interest sought to be transferred into the M & I Bahensky Trust was not effectively transferred and a resulting trust in favor of Irene was created. see First Nat. Bank v. Daggett, supra. See, also Restatement (Third) of Trusts § 7 (2003). Therefore, Irene retained her beneficial interest in the real property and the corresponding power to dispose of it. See, e.g., Collins v. Collins, 46 Ariz. 485, 52 P.2d 1169 (1935).
On the record before us, and given the deficiencies of the M & I Bahensky Trust, it is clear that the purported transfer by "Trustee's Deed" from the M & I Bahensky Trust to "Melvin D. Bahensky or Irene D. Bahensky or Jeffrey J. Reiss W.R.o.s." on January 1, 1982, was not valid, because it was made by trustees of an invalid trust. However, contrary to the district court's determination, given the resulting trust in favor of Irene, Irene individually retained the power to transfer the real property and there remains the possibility that she did so effectively at a later date.
We have examined the record made on summary judgment to determine whether transfers made by Irene subsequent to the invalid trustee's deed of January 1, 1982, were effective. Chronologically, the next event in the record is a quitclaim deed by Melvin and Irene on september 13, 1988, to the Green Acres Trust. The trust document creating the Green Acres Trust and other facts surrounding the Green Acres Trust and its purported transfer to the Evergreen LTD Trust are not in the record. A valid transfer to the Green Acres Trust would be a prerequisite to the determination of the validity of the subsequent transfers by the Green Acres Trust to the Evergreen LTD Trust and thereafter by the Evergreen LTD Trust to the American Family Trust.
There are genuine issues of material fact on the record before us, including whether the Green Acres Trust is a valid trust and whether the purported conveyance into it was proper. Viewing the evidence favorably to the nonmoving party as we must, appellants may be entitled to prevail, and we cannot say on this record that appellee, solely on the basis of the invalidity of the M & I Bahensky Trust, as the moving party, was entitled to judgment.

CONCLUSION
Because we determine there are genuine issues of material fact, the order of the district court granting appellee's motion for summary judgment and quieting title in the name of Irene is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.